**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **HENRY AUSTIN, III** | Case No. 7:16-CR-39 (HL) |

### ORDER

Before the Court is Defendant Henry Austin, III's Motion to Dismiss Indictment for Violation of Defendant's Speedy Trial Rights. (Doc. 435). Defendant contends that a delay in commencing his trial following his indictment violated his statutory rights under the Speedy Trial Act, 18 U.S.C. § 3161, and that, as a consequence, the Court should dismiss his indictment with prejudice. Upon consideration, and with the benefit of oral argument, the Court **GRANTS** Defendant's motion to dismiss, but the dismissal is without prejudice.

### I.  PROCEDURAL BACKGROUND

On November 9, 2016, Defendant and eleven codefendants were indicted in a single count indictment alleging a conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1). Defendant, along with Defendants Chris Waters, Marvin Dumas, Cornelius White, Antonio Dennard, Ozell Lane, Jr., Eddie Smith, Adrian Lloyd, and Willie Tucker, made his initial appearance on January 17, 2017. Defendant Willis Lee Young made his initial appearance on January 18, 2017. Defendant Ivan Starks,

who first had to be removed from the Middle District of Florida, made his initial appearance in this District on February 13, 2017. Defendant Antonio Classen was being held in state custody at the time of the indictment and did not make his initial appearance until April 11, 2017.

On March 23, 2017, the Government filed a joint motion to continue trial of this case from the Court's May term of Court to the next regularly scheduled term of Court, which at that time was set for August 7, 2017, in part because the final codefendant, Classen, had not yet made his initial appearance. (Doc. 173). The Government further noted that this case involved a large amount of discovery and that Defendants required additional time to review the discovery and to otherwise prepare for trial or enter into plea negotiations. Finding that the ends of justice were best served by continuing the case, the Court granted the motion on March 28, 2017. (Doc. 177). The Court additionally denied Defendant Lane's motion for severance. (Id.).

Prior to the August trial term, all of Defendant's codefendants negotiated plea agreements with the Government and entered changes of plea with the Court. Defendant Smith pleaded guilty to a superseding information on July 13, 2017. Defendants Lane and Lloyd each pleaded guilty to a superseding information on July 17, 2017. Defendants Dennard, Tucker, and Classen likewise pleaded guilty to a superseding information on July 18, 2017, followed by

Defendant Young on July 19, 2017. Defendants Waters, Dumas, and Starks each pleaded guilty to a superseding information on August 1, 2017. The final codefendant, White, entered his plea of guilty to a superseding information on August 2, 2017.

The Government remained ready to proceed to trial with Defendant on August 7, 2017. However, prior to trial, cause arose for the Court to remove defense counsel as counsel of record. Present defense counsel was appointed on August 8, 2017. (Doc. 300). On October 1, 2017, Defendant's newly-appointed counsel with the consent of the Government moved to continue trial from the October 20, 2017 trial calendar to the January 29, 2018 trial calendar. (Doc. 315). The Court granted the motion on October 2, 2017, continuing the case from October until January. (Doc. 316).

Between August 24, 2017, and January 31, 2018, each of Defendant's codefendants was sentenced by the Court. The last judgment was entered on February 7, 2018. The January trial term, however, never transpired. This case next appeared on the Court's April 23, 2018 trial calendar. Defendant filed a motion to continue trial once more on March 21, 2018 without objection from the Government. (Doc. 429). The Court denied the motion on March 22, 2018. (Doc. 430). The parties appeared before the Court on April 4, 2018 for a pretrial conference and announced that they were ready to begin trial on April 23, 2018.

Upon realizing that the case could not be tried within the time allotted for the April trial term, the Court specially set the trial of this matter to begin on May 14, 2018. On April 25, 2018, Defendant filed the present motion to dismiss the indictment for an alleged violation of the Speedy Trial Act.

## II. DISCUSSION

The Speedy Trial Act provides that the trial of any defendant who pleads not guilty must begin within 70 days of either the filing of the indictment or the date the defendant first appears before a judicial officer, whichever occurs later. See 18 U.S.C. § 3161(c)(1). However, certain periods of delay are excludable and effectively toll the 70-day period. 18 U.S.C. § 3161(h)(1). Pertinent to this case, the Act provides an exclusion for delay resulting from the court's consideration of a proposed plea agreement. 18 U.S.C. § 3161(h)(1)(G). The Act additionally provides for the exclusion of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(a)(6). "[I]n a multi-defendant case, time excluded due to one defendant results in excludable days for his codefendants." United States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996); see also United States v. Pirolli, 742 F.2d 1382, 1384 (11th Cir. 1984) ("Anything which 'stops the clock' for one defendant does so for the same amount of time as to all co-defendants.").

"Any period of delay resulting from a continuance granted by any judge on his own motion or the request of the attorney for the Government" is likewise excludable. 18 U.S.C. § 3161(h)(7)(A). However, "[n]o such period of delay resulting from a continuance granted by the court . . . shall be excludable . . . unless the court sets forth . . . either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. The Act "requires express findings, and without on-the-record findings, there can be no exclusion of time past the 70-day requirement because the Speedy Trial Act, with procedural strictness, demands on-the record ends-of-justice findings." United States v. Ammar, 842 F.3d 1203, 1206 (11th Cir. 2016) (quoting Zender v. United States, 547 U.S. 489, 506-07, 509 (2006) (internal punctuation and quotation marks omitted).

The parties here agree that the period of time between the indictment and the appearance of the final codefendant on April 11, 2017, qualifies as excludable delay. There additionally is no dispute that the order granting the parties' joint motion to continue trial from the May 2, 2017 term of Court to the August 7, 2017 term of Court satisfied the ends-of-justice requirements of the Act and created another period of excludable delay. The question is when the Speedy Trial clock next began to run.

It is apparent to the Court that the clock remained stopped until February 8, 2018, the day after Judgment was entered for the last remaining codefendant, Antonio Classen. (Doc. 426). Under 18 U.S.C. § 3161(h)(1)(G), any "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government" qualifies as excludable delay. And, because any delay attributable to a codefendant is also attributable to Defendant, see Mejia, 82 F.3d at 1035, the delay between Classen entering his plea on July 18, 2017, and the Court accepting that plea and entering Judgment on February 7, 2018, is therefore excludable as to Defendant. Seventy-seven days of countable time elapsed between February 8, 2018 and April 25, 2018, the date Defendant filed his motion to dismiss. Thus, there has been a clear violation of the Speedy Trial Act, and the indictment against Defendant must be dismissed.

The Government urges the Court not to dismiss the indictment, arguing that the continuance order entered on October 2, 2017 implicitly continued the case through the May 14, 2018 specially set trial date. The Government relies on the following language contained in that Order: "Accordingly, IT IS HEREBY ORDERED that the above-referenced matter be continued to the next regularly scheduled term of Court for the Valdosta Division." (Doc. 316). The Government suggests that, as in United States v. Twitty, 107 F.3d 1482 (11th Cir. 1997), the

language included in the continuance order here was open-ended and can be read to extend the continuance indefinitely and without running afoul of the Speedy Trial Act. The Government's argument is not supported by the record.

In Twitty, the district court entered the following order:

Presently, the government seeks a continuance on the basis of the ill health of an essential witness. Upon review of the government's motion, the Court finds that the testimony of Neil T. Feldman is essential . . . and . . . (he) is unavailable to testify due to serious illness. The Court therefore finds that the need for the continuance outweighs the defendants' interest in a speedy trial. This case will be set on a trial calendar by future order.

107 F.3d at 1489. The order continued the case for just shy of six months, when the government moved the court to set the case for trial. Id. The Eleventh Circuit found that the length of delay occasioned by the continuance did not constitute a per se violation of the Speedy Trial Act, holding that "[a]n open-ended continuance may be granted to serve the ends of justice." Id. The Court explained that "[t]here is no fixed limit to the amount of time that may be excluded under the ends of justice provision," and that the Act itself excludes "*any* period of delay resulting from a continuance." Id. (quoting United States v. Vasser, 916 F.2d 624, 627 (11th Cir. 1990)) (emphasis in original).

The Order in this case was not open-ended but rather set a firm deadline: "the next regularly scheduled term of Court for the Valdosta division." While the Order did not specifically state that the Court's next regular trial term would

7

commence on January 29, 2018, it is clear both from the parties' joint motion as well as from the docket entry that both the parties and the Court intended for the continuance to remain in effect until the January term and no further.

When a court determines that a violation of the Speedy Trial Act has occurred, dismissal may be with or without prejudice. See 18 U.S.C. § 3162(a)(1). "[N]either remedy is preferred; the proper dismissal sanction to be imposed in each case is a matter left to the exercise of the sound discretion of the trial judge after consideration of the factors enumerated in the statute." United States v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984). The Act sets forth three factors for a court to consider in deciding whether a dismissal should be with or without prejudice: (1) the seriousness of the offense; (2) the facts and circumstances leading to the dismissal; and (3) the impact of a re-prosecution on the administration of the Speedy Trial Act and the administration of justice. See 18 U.S.C. § 3162(a)(1).

The seriousness of the offense with which Defendant was charged weighs against dismissal with prejudice. Defendant was indicted for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1), which the Government reports carries a mandatory minimum sentence of 20 years. Furthermore, the delay under the Speedy Trial Act was slight – only seven days. "Where the crime charged is serious, the court

should dismiss only for a correspondingly severe delay." Russo, 741 F.2d at 1267.

Next, the facts and circumstances leading to the dismissal illustrate that while the Government erred in not realizing that there was a Speedy Trial issue and in not seeking a brief continuance to avoid dismissal under the Act, the error itself was neither deliberate nor symptomatic of any delay occasioned by the Government's actions in prosecuting this case. The Government has shown itself to be prepared to try this case from the outset. Moreover, the case has been complicated by the number of defendants as well as changes in counsel. The Government has gained no apparent advantage through any delay, and there has been no obvious prejudice to Defendant, who has remained on bond. In short, the Court finds that the Government has not engaged in any tactics of delay that would warrant a dismissal with prejudice.

Finally, the Court concludes that the administration of justice will be served through a dismissal without prejudice. As another jurist in the district astutely pointed out in evaluating a similar set of facts, were the Court to grant a dismissal with prejudice, "the Court would remove from the jury's consideration a grand jury's charge that Defendant engaged in serious criminal conduct based upon a [seven day] delay that has not prejudiced Defendant." United States v. Williams, 2010 WL 924900, at *3 (M.D. Ga. Mar. 10, 2010). However, "[i]f the Court grants

a dismissal without prejudice, the Government will be able to re-prosecute the case in a manner that fully protects Defendant's Speedy Trial Act rights as well as his right to a full defense to the charges and a fair trial." Id.

Weighting the three facts enumerated in the statute, the Court finds that while dismissal of the indictment against Defendant is appropriate, the dismissal should be without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Indictment for Violation of Defendant's Speedy Trial Rights (Doc. 435) but **WITHOUT PREJUDICE**.

**SO ORDERED** this 8th day of May, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks